FILED
2001 FEB 21 PM 4:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ]<br>]<br>] |
| Plaintiff, | ]<br>] |
| vs. | ] CIVIL ACTION NO.:<br>]<br>] **COMPLAINT** |
| HEADSTART HAIR CARE SALON, INC., | ]<br>]<br>] **JURY TRIAL DEMAND** |
| Defendant. | ] |

CV-01-N-0469-S

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black), and to provide appropriate relief to Christopher M. Haynes who was adversely affected by such practices.

The Commission alleges that Defendant failed to hire Christopher Haynes into a cosmetologist's position because of his race in violation of Section 703 (a)(1) of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and 3 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-

5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United Sates of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, Headstart Hair Care Salon, Inc. (the "Employer"), was a corporation doing business in the State of Alabama, and had at least fifteen employees, at the time of the alleged harm.

5. At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Christopher Haynes filed a charge with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about December 15, 1999, the Defendant Employer engaged in unlawful employment practices at one of its Birmingham, Alabama facilities in violation of §

703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to hire Mr. Haynes because of his race.

8. Mr. Haynes applied and interviewed for a position as a Barber/Stylist with the Defendant. Notwithstanding his qualifications he was denied a position with the Defendant. The Defendant interviewed and hired white applicants for the position after denying employment to Mr. Haynes.

9. The effect of the practices complained of in paragraphs seven through eight above has been to deprive Mr. Haynes of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his race.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Mr. Haynes.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees and applicants for employment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Mr. Haynes by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring.

D. Order Defendant Employer to make whole Mr. Haynes by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Haynes, by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint involving violations of Title VII.

Respectfully submitted,

GWENDOLYN Y. REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

Charles Guerrier
Regional Attorney

*[signature]*

MILDRED BYRD
Supervisory Trial Attorney

*[signature]*

NAOMI HILTON ARCHER
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1130 22nd Street South
Ridge Park Place, Suite 2000
Birmingham, AL 35205
Telephone Number: 205/731-1381